UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

ANTONIO VALLIN BRIDGES,

                Petitioner,           Case No. 1:20-cv-483

v.                                          Honorable Janet T. Neff

MICHIGAN PAROLE BOARD,

                Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed because it fails to raise a meritorious federal claim.

**Discussion**

**I.     Factual allegations**

Petitioner Antonio Vallin Bridges is incarcerated with the Michigan Department of Corrections at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. On December 1, 2015, Petitioner pleaded guilty to three counts of false pretenses – $1,000.00 or more but less than $20,000, Mich. Comp. Laws § 750.218(4)(a), and admitted he was a third habitual offender, Mich. Comp. Laws § 769.11.  *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.) (Plea Tr., ECF No. 21-2, PageID.123-128.)[1]  In exchange for Petitioner's plea, the prosecutor dismissed two counts charging Petitioner with using a computer to commit a crime, Mich. Comp. Laws § 752.797(3)(d).  The parties also agreed that Petitioner's minimum sentence would not exceed thirty months.

Petitioner summarized the factual basis for his plea in his brief to the Michigan Court of Appeals:

> Defendant pretended that he was the landlord of 5009 Devonshire Avenue.  He made up 3 false leases, and leased that property to 4 different tenants.  The property was in foreclosure and vacant.  He took money orders from these individuals and cashed them.  In the case of each fraudulent lease, the amount received by the defendant as the 1st month's rent and security deposit was greater than $1000.

*Bridges I* (Pet'r's Appl. for Leave to Appeal, ECF No. 21-4, PageID.165-166) (internal citations omitted.)  At the sentencing hearing held on December 16, 2015, the trial court sentenced Petitioner

---

[1] The petition presently before the Court is Petitioner's fourth petition challenging the sentences flowing from these convictions or the execution of those sentences.  Petitioner's first petition was dismissed for failure to exhaust state court remedies on March 17, 2017.  That case, *Bridges v. Barrett*, No. 1:16-cv-1269 (W.D. Mich.), shall be referenced herein as *Bridges I*.  On the same day Petitioner signed the notice of appeal in *Bridges I*, he filed his second petition, *Bridges v. Harry*, No. 1:17-cv-287 (W.D. Mich.).  That case, referenced herein as *Bridges II,* was dismissed on April 14, 2017, for failure to exhaust state court remedies.  The third petition, *Bridges v. Harry*, No. 1:17-cv-612 (W.D. Mich.)—*Bridges III*—was dismissed on July 21, 2017.  Petitioner never followed through by pursuing his state court appellate remedies.  See https://courts.michigan.gov/opinions_orders/case_search/pages/default.aspx (search party name bridges Antonio, visited June 15, 2020).

to concurrent sentences of 2 ½ to 10 years with 138 days of credit. *Bridges I* (Sentencing Tr., ECF No. 21-3, PageID.150–151.)

On May 26, 2020, Petitioner filed the instant habeas corpus petition raising one ground for relief: Petitioner contends he was denied due process because the parole board denied parole based on inaccurate information regarding his mental health score and his improperly scored sentencing guidelines. (Pet., ECF No. 1, PageID.2.) Therefore, Petitioner's constitutional challenge does not relate to his convictions or his sentences as imposed; rather, it relates to his eligibility for parole. In Michigan, generally, an inmate is eligible for parole when the inmate has served a period of time equal to the minimum sentence imposed by the court for the crime of which he was convicted, less good time and disciplinary credits. Mich. Comp. Laws § 791.234. It appears that Petitioner was first eligible for parole on January 30, 2018.[2]

## II.     Petitioner's claim is properly before the Court under 28 U.S.C. § 2254

If Petitioner were to prevail, i.e., if Petitioner demonstrated that he was denied due process during his parole hearing, it would not necessarily impact the fact or duration of his confinement. In *Wilkinson v. Dotson*, 544 U.S. 74, 79-80 (2005), the Court determined that constitutional challenges to the fact or duration of confinement, though they might fall within the broad language of a § 1983 claim, could only be brought in a habeas corpus action because such challenges lie at the core of habeas corpus, the "more specific . . . 'instrument to obtain release from [unlawful] confinement.'" But, where the prevailing inmate would be entitled to "at most a new parole hearing at which . . . parole authorities may, in their discretion, decline to shorten his

---

[2] According to the Michigan Department of Corrections (MDOC) Offender Tracking Information System (OTIS), Petitioner's "Earliest Release Date" was January 30, 2018; his maximum discharge date is July 30, 2025. *See* https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=437651 (visited June 15, 2020). This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, i.e. Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249 *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821-22 n. 3 (E.D. Mich. 2004).

prison term[,]" the inmate's claims are cognizable under § 1983. *Id*. at 82. That is precisely the relief Petitioner seeks here. (Pet., ECF No. 1, PageID.3) ("[P]etitioner asks that the Court grant the following relief: a new parole hearing . . . .").

Because Petitioner seeks a new parole hearing, *Wilkinson* permits him to bring those claims under § 1983. But, *Wilkinson* does not require him to do so; § 1983 claims and habeas corpus claims are not mutually exclusive. *Terrell v. United States*, 564 F. 3d 442, 446 n.8 (6th Cir. 2009); *Adams v. Bradshaw*, 644 F.3d 481, 483 (6th Cir. 2011). Accordingly, though Petitioner's claim may reside at the margins, rather than the core, of habeas corpus, this Court has jurisdiction to consider it under § 2254.

### III.     AEDPA standard

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. 312, 316 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652,

4

655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v. Rodgers*, 569 U.S. 58, 64 (2013); *Parker v. Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

        A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 575 U.S. at 316 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

**IV.**    **Discussion**

        Petitioner claims that he was deprived of procedural due process because the decision to deny his parole was based on inaccurate information. (Pet., ECF No. 1, PageID.2)

5

("Procedural Due Process requires that any government hearing . . . be considered with accurate information to render fair, accurate decision making and results for both sides."). To establish a procedural due process violation, a plaintiff must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir. 2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006).

Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. The Sixth Circuit reiterated the continuing validity of *Sweeton* in *Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011). In *Crump*, the court held that the adoption of specific parole guidelines since *Sweeton* does not lead to the conclusion that parole release is mandated upon reaching a high probability of parole. *See id.*; *see also Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). In addition, the Sixth Circuit has rejected the argument that the Due Process Clause is implicated when changes to parole procedures and practices have resulted in incarcerations that exceed the subjective expectation of the

sentencing judge.  *See Foster v. Booker*, 595 F.3d 353, 369 (6th Cir. 2010).  Finally, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Petitioner's allegation that the MPB relied on inaccurate information to deny his parole does not change the result.  Because Petitioner has no liberty interest in being paroled, he cannot show that the false information was relied upon to a constitutionally-significant degree.  *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263, 1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).

Until Plaintiff has served his 10-year maximum sentence, he has no reasonable expectation of liberty.  The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained."  *Greenholtz*, 442 U.S. at 11.  The Michigan Parole Board's consideration of purportedly inaccurate information when denying Plaintiff parole, therefore, does not implicate his right to procedural due process.

## V.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted.  A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability.  *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam).  Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted.  *Id.*  Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000).  *Murphy*, 263 F.3d at 467.  Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard.  Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Id.*  "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  In applying this standard, the Court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims.  *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong.  Therefore, the Court will deny Petitioner a certificate of appealability.  Moreover, for the same reasons that Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court concludes that any issue Petitioner might raise on appeal would be frivolous.  *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

8

## **Conclusion**

The Court will enter a judgment dismissing the petition and an order denying a certificate of appealability.

Dated: June 16, 2020

/s/ Janet T. Neff
Janet T. Neff
United States District Judge